381 So.2d 501 (1980)
STATE of Louisiana
v.
Lawrence PATRICK.
No. 65838.
Supreme Court of Louisiana.
March 3, 1980.
*502 Frank G. DeSalvo, Gretna, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michelle E. Roberts, Asst. Dist. Atty., for plaintiff-relator.
PAUL B. LANDRY, Justice ad hoc.
On application of the State of Louisiana (Relator), writs were granted herein to review the pre-trial suppression of evidence (a marijuana cigarette) seized in a warrantless pat-down search of a work-release inmate who was en route back to his detention facility after completion of daily work-release employment. We reverse and remand for trial.
Defendant, a work-release inmate in Orleans Parish, was allowed to act as process server for the Second City Court of Orleans Parish on weekdays. In this role he traveled to and from his employment by means of public transportation. In May, 1979, the Orleans Parish Criminal Sheriff's Office received a confidential tip from another work-release inmate that defendant was using and possibly selling marijuana as defendant travelled to and from his work-release employment. Based on this disclosure and being apprehensive that defendant would dispose of the contraband before returning to the detention facility, two members of the Sheriff's Office intercepted defendant as he returned from his job on Monday, May 14, 1979. When defendant disembarked from the Canal Street Ferry, defendant and a fellow work-release inmate were met by the officers. The officers escorted both men out of the way of pedestrian traffic and conducted a pat-down search of both parties. On order from the officers, defendant emptied his pockets. Among the contents was a cigarette package containing two tobacco cigarettes and one marijuana cigarette. Defendant was arrested and charged with possession of marijuana in violation of La.R.S. 40:967.
The trial court suppressed the evidence thus seized on finding that the search thus conducted was in violation of defendant's constitutional right to privacy.
The State argues the seizure was justified on two grounds: (1) probable cause was supplied by the confidential tip (which source had previously supplied information resulting in disciplinary action against other work-release inmates) and the attending exigent circumstances; and (2) as a work-release inmate defendant did not have a reasonable expectation of privacy as regards the search involved.
Because we find that defendant did not have a reasonable expectation of privacy as regards the search, and consequently no constitutional right was involved, we pretermit the issue of probable cause.
Federal and state constitutional protections against unreasonable searches and seizures do not extend to defendant in this instance. U.S.Const. Amend. IV; La.Const.1974, Article 1, Sec. 5; Katz v. United States, 389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507 (1967); State v. Dupuis, 378 So.2d 934 (La.1979), State v. Williams, 375 So.2d 364 (La.1979); State v. Wilbourn, 364 So.2d 995 (La.1978).
In State v. Lamartiniere, 362 So.2d 526 (La.1978), we adopted Justice Harlan's guideline for determining the issue of reasonable expectation of privacy as set forth in his concurring opinion in Katz v. United States, supra, namely:
"... My understanding of the rule that has emerged from prior decisions is that there is a two-fold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as `reasonable' ..." 389 U.S. at 361, 88 S.Ct. at 516 (Harlan, J., concurring) quoted in State v. Williams, supra, at 370 and State v. Lamartiniere, supra, at 528.
*503 While we have recognized that prisoners are not totally bereft of Fourth Amendment rights by virtue of their incarceration, we have also declared these rights are diminished in nature and scope because of confinement for criminal conduct. We have expressly recognized and declared that an inmate's expectations of privacy are considerably less than those of the free members of our society in general. State v. Dauzat, 364 So.2d 1000 (La.1978); See also Bell v. Wolfish, 441 U.S. 520, 60 L.Ed.2d 447, 99 S.Ct. 1861 (1979), which upheld warrantless room searches and visual body cavity searches of inmates.
Defendant, though not incarcerated at the time of search, was nevertheless in custody as an inmate of a detention facility to which he returned daily for nightly incarceration. As such, he was subject to the rules governing the work-release program in which he participated. These regulations included a prohibition against the use or possession of drugs. Also, defendant was aware that he would be searched upon his re-entry into the detention facility at the end of each day. Defendant's expectations of privacy were minimal, if any, under the circumstances. Because defendant had no expectations of privacy from the search involved, there was no violation of his Fourth Amendment rights. State v. Williams, supra.
The test of reasonableness in cases of this nature depends upon the total atmosphere of each case. State v. Nine, 315 So.2d 667 (La.1975). In this connection, in Bell v. Wolfish, supra, the United States Supreme Court declared:
"The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it and the place in which it is conducted."
We find the limitation of defendant's expectations of privacy reasonable by prevailing, acceptable social standards, thereby satisfying the second aspect of the Katz, inquiry. Society in general has a valid interest in limiting the expectations of privacy on the part of a person incarcerated in a detention facility for convicted criminals; including those inmates at conditional or qualified liberty on work-release programs intended for humane and rehabilitation purposes.
In somewhat analagous cases (parolees) warrantless searches of the parolee's person and residence by parole officers have been upheld where the search was reasonable even though less than probable cause was shown. Latta v. Fitzharris, 521 F.2d 146 (9th Cir. 1975); Santos v. New York State Board of Parole, 441 F.2d 1116 (2d Cir. 1971), cert. den. 404 U.S. 1025, 92 S.Ct. 692, 30 L.Ed.2d 676 (1972). We recognize a difference between the relationship of a parole officer to a parolee and that of a custodian of a work-release inmate. We add that a parolee is free to remain at home each night and has far more freedom of movement and activity than a work-release inmate who must return to a detention facility each night. We deem it evident that a parolee has a far greater expectation of privacy than does a work-release inmate.
Notwithstanding defendant would have been searched on his return to the detention facility, we deem his en route search reasonable. Mere possession of marijuana was a violation of detention facility rules. In all likelihood defendant had no intention to bring the contraband into the facility knowing that he would be searched before re-entry. It is more probable that defendant intended to either sell the drug or use it himself before reporting back to the facility, thus effectively thwarting detection of his rules infraction.
Viewing the totality of circumstances, we deem it illogical to conclude that society is prepared to accept the reasonableness of an expectation of privacy under the circumstances shown.
*504 The judgment of the trial court suppressing the marijuana cigarette as evidence is reversed and set aside and this matter remanded to the trial court for further proceedings consistent with the views herein set forth.
Reversed and remanded.