393 So.2d 718 (1981)
STATE of Louisiana
v.
John Randall McPHATE.
No. 80-KA-1849.
Supreme Court of Louisiana.
January 26, 1981.
*719 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., A. Z. Butterworth, Asst. Dist. Atty., for plaintiff-appellee.
Clayton M. Perkins, Jr., St. Francisville, for defendant-appellant.
CECIL C. CUTRER, Justice ad hoc.[*]
Defendant, John Randall McPhate, an inmate at Dixon Correctional Institute at Jackson, Louisiana, was charged by bill of information with possession of contraband, marijuana, while on the grounds of Dixon Correctional Institute, a violation of La.R.S. 14:402 B. Defendant pleaded not guilty at his arraignment held on February 27, 1980, and jury trial was set for June 2, 1980. The trial was later reset for June 5, 1980. On the latter date defendant pleaded guilty pursuant to a plea bargain. Defendant was sentenced to serve two years at hard labor to run consecutively to his previous sentence. As part of the plea bargain the defendant reserved, and the trial court granted, the right to appeal the denial of a motion for a continuance and a motion to suppress. On appeal defendant contends that the trial judge erred (1) in denying the motion for a continuance; and (2) the denial of the motion to suppress.
The two motions at issue were filed on the day of trial, June 5, 1980. A hearing was had out of the presence of the jury venire. The trial judge reserved the defendant's right to appeal the denial of both motions.
We must first observe that the principles enunciated in the case of State v. Crosby, 338 So.2d 584 (La.1976), which set forth the right to appeal certain pre-trial rulings after a plea of guilty was entered, sought to limit such appeals to the type of error which represents a violation of a constitutional or statutory right which, for reasons beyond guilt or innocence, would mandate a reversal of a conviction resulting from a trial. The procedure set forth in State v. Crosby did not contemplate the appeal of pre-trial rulings which were procedural in nature and which did not substantially relate to guilt. In State v. Crosby this court made the following ruling in this regard:
"Normally, the trial court will not accept a plea of guilty conditioned upon review of procedural irregularity .... Of this nature ..., are pre-trial rulings which affect the conduct of the trial but which do not substantially relate to guilt, such as the denial of a continuance or of a severance."
The trial judge, in the case at bar, however, did reserve the defendant's right to appeal the denial of the motion for continuance and even though such ruling is not contemplated by State v. Crosby, we will review same as defendant contends he was "pressured into taking a plea bargain, with the opportunity to appeal" the rulings of the trial court.
The facts which gave rise to both motions at issue were as follows:
On December 15, 1979, Officer Leo Delatte, a three-year employee of the Dixon Correctional Institute, was in the process of making a routine inspection of defendant's footlocker. Pursuant to such inspection, the officer instructed defendant to unlock his locker and step aside. Defendant complied *720 with the officer's request but remained close to the locker after being told to move further away. The officer, suspecting that contraband may be in the locker, relocked the locker without opening it. The officer then summoned assistance. While waiting for assistance to arrive and with the locker still locked, the defendant, without any interrogation from the officer, told Officer Delatte that he was holding some stuff in the locker for another guy and if the officer would let him flush it, he wouldn't hold the stuff anymore. Thereafter the locker was searched and the contraband located therein.
At arraignment on February 27, 1980 defendant was represented by appointed counsel. On March 3, 1980, a motion for discovery was filed by defense counsel requesting the state to inform the defendant of any oral inculpatory statement that the state may introduce into evidence upon trial of the matter. In the state's answer to the motion, it stated that it knew of no such statement.
The day before trial, June 4, 1980, the state, during an interview with Officer Delatte, became aware of the statement for the first time. The state's attorney immediately notified defense counsel of such by telephone. Formal notice was also given in writing the following day, June 5, 1980, the day set for trial.
The record clearly reflects that the state attorneys were not aware of such a statement until the day before trial. Officer Delatte testified that he had not told the state attorneys or anyone else of the statement until the day before trial. The record reflects that the state's actions were in good faith and that immediately upon discovery of the evidence, the defendant's counsel was notified.
Defense counsel contends that, under the circumstances presented, he was denied the opportunity to prepare a defense. It is contended that, prior to being informed of the statement, his defense was founded on the basis that the state could not prove that the defendant had "guilty knowledge" of his possession of contraband, an essential element in a charge of possession. Defense counsel, in his motion for continuance, states that, in view of the inculpatory statement, such a defense would appear "ludicrous." He then sets forth that:
"Defense counsel therefore needs more time to adequately structure a defense."
He argues that, faced with such a lack of time to prepare another defense, he had no alternative but to recommend a plea bargain to the defendant. Thus, it is contended that the denial of the motion for a continuance is reversible error. We disagree.
The general rules governing the disposition of a motion for continuance are set forth in State v. Durio, 371 So.2d 1158, 1161 (La.1979), where it was held as follows:
"Article 712 of the Louisiana Code of Criminal Procedure provides that:
`[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.'

The general rule is that the denial of a continuance is not ground for reversal absent an abuse of discretion. State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Lukefahr, 363 So.2d 661 (La. 1978).

"This Court has generally declined to reverse convictions absent a showing of specific prejudice caused by denial of a continuance. See e. g., State v. Hopkins, 351 So.2d 474 (La.1977); State v. Kenner, 336 So.2d 824 (La.1976); State v. Smith, 322 So.2d 197 (La.1975); and State v. Brewer, 301 So.2d 630 (La.1975) in which this Court found no abuse of discretion when the trial court denied the motions for continuance when there were three months, thirty-five working days, ninety days and three weeks respectively for counsel to prepare for trial and where there was no showing of specific prejudice."

In this case the counsel for defendant had approximately three months to prepare for trial of this case. There is no showing either in the motion for continuance *721 or in brief of any specific prejudice which may have resulted from the late discovery of the inculpatory statement. There is no indication as to what defense, if any, could have been set forth if additional time had been granted. Under these circumstances we cannot conclude that the trial judge abused his discretion, nor that defendant was so prejudiced by the denial as to require a reversal of the conviction.

MOTION TO SUPPRESS
The defendant urges that the motion to suppress should have been sustained and the inculpatory statement suppressed due to the fact that defendant was under arrest at the time of the statement and no Miranda rights had been read to him. This argument is without merit.
The facts of this case show that the statement given by defendant was clearly spontaneous and voluntary and was not given as a result of interrogation or compelling influences. Such spontaneous and voluntary statements not given as a result of police interrogation or compelling influences are admissible in evidence without Miranda warnings even though defendant is in custody. State v. Robinson, 384 So.2d 332 (La. 1980).
Defendant also argues that there was no probable cause which would justify the officer's demand that defendant unlock his locker for inspection. It is contended that the arrest is thus illegal due to the lack of probable cause, and thus, the inculpatory statement should have been suppressed. This argument is also without merit.
The defendant was an inmate in a correctional institution at the time of this search. The Fourth Amendment rights of an incarcerated person are less than ordinary citizens. In the case of State v. Patrick, 381 So.2d 501 (La.1980), this court held as follows:

"While we have recognized that prisoners are not totally bereft of Fourth Amendment rights by virtue of their incarceration, we have also declared these rights are diminished in nature and scope because of confinement for criminal conduct. We have expressly recognized and declared that an inmate's expectations of privacy are considerably less than those of the free members of our society in general. State v. Dauzat, 364 So.2d 1000 (La.1978); See also Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which upheld warrantless room searches and visual body cavity searches of inmates."
See also, State v. Williams, 375 So.2d 364 (La.1979), regarding the diminished rights of a resident of a "halfway house." This court, in that case, held that a warrantless, routine search of defendant's locker was not unconstitutional.
Under the circumstances presented herein, the defendant, as an inmate in a correctional institute, had no reasonable expectation of privacy and the routine search of his footlocker, without probable cause or a search warrant, was not unconstitutional.
For the reasons assigned, the conviction and sentence is affirmed.
AFFIRMED.
NOTES
[*] Judges Cecil C. Cutrer, Jimmy M. Stoker and Ned E. Doucet, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack C. Watson.