JOHN S. COVINGTON, Judge.
Victor Guirlando was charged by bill of information with possession of contraband (marijuana) at a state correctional institution in violation of LSA-R.S. 14:402. Defendant pled not guilty. He filed a motion to suppress the seized contraband, which was denied after evidentiary hearing. Defendant thereafter pled guilty as charged, reserving his right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La. 1976). Pursuant to a plea bargain, the trial court sentenced defendant to an eighteen month term of imprisonment at hard labor to be served consecutively to the sentence he was then serving.
In bringing this appeal, defendant urges as his sole assignment of error that the trial court erred by denying his motion to suppress.
Evidence adduced at the hearing on the motion to suppress reveals that, while on duty in the cell block area of Dixon Correctional Institute, Correctional Officer Donald Jett saw defendant pass a rolled envelope to another inmate through screens separating the two cells. The other inmate was immediately searched; however, Officer Jett did not find the envelope. Thereafter, he searched inside defendant’s cell. Between a toe plate and wire screen on the inside of defendant’s cell, Officer Jett found rolled paper containing a plastic bag with five marijuana cigarettes. At the time of the instant search, defendant had been housed in that cell by himself for at least three days.
In brief, defendant relies on article I, section 5, of the Louisiana Constitution in urging that the instant search was unconstitutional. Citing State v. McPhate, 393 So.2d 718 (La.1981), which upheld the routine inspection of an inmate’s footlocker, defendant contends that the state failed to demonstrate a particularized probable cause for the instant search or to show that the instant search was part of a routine inspection.
Initially, we note that article I, section 5, of the Louisiana Constitution is not a duplicate of the fourth amendment or merely coextensive with it, and may afford a higher standard of individual liberty than that afforded by the jurisprudence interpreting the federal constitution. State v. Hernandez, 410 So.2d 1381, (La.1982). However, current case law does not indicate that the Louisiana Supreme Court has chosen to afford prisoners greater rights under these circumstances than would be available to them under the fourth amendment.[1] In State v. Patrick, 381 So.2d 501, 503 (La.1980), the Louisiana Supreme Court noted:
While we have recognized that prisoners are not totally bereft of Fourth Amendment rights by virtue of their incarceration, we have also declared these *174 rights are diminished in nature and scope because of confinement for criminal conduct. We have expressly recognized and declared that an inmate’s expectations of privacy are considerably less than those of the free members of our society in general. State v. Dauzat, 364 So.2d 1000 (La.1978); See also Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), which upheld warrantless room searches and visual body cavity searches of inmates.
In this case, the state adequately demonstrated a sound neutral factor (observation of an inmate exchange of property concealed within an envelope) which prompted the instant search. However, even such a limited inquiry seems unnecessary in light of Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). In Hudson v. Palmer, perhaps anticipated in State v. Dauzat, supra, the United States Supreme Court drew a bright-line announcing that the fourth amendment does not apply within a prison cell.
[W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.
104 S.Ct. at 3200.
In reaching this conclusion, the United States Supreme Court balanced the interest of society in the security of its penal institutions and the interest of the prisoner in privacy within his cell. The Supreme Court struck the balance in favor of institutional security.
A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. (Footnote omitted.)
We are satisfied that society would insist that the prisoner’s expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that “[l]oss of freedom of choice and privacy are inherent incidents of confinement.” Bell v. Wolfish, 441 U.S. at 537, 99 S.Ct., at 1873.
104 S.Ct. at 3201.
Moreover, the Supreme Court expressly rejected an appellate court’s suggestion that searches be conducted only pursuant to an established policy or upon reasonable suspicion.
The uncertainty that attends random searches of cells renders these searches perhaps the most effective weapon of the prison administrator in the constant fight against the proliferation of knives and guns, illicit drugs, and other contraband.
* # * # * *
A requirement that even random searches be conducted pursuant to an established plan would seriously undermine the effectiveness of this weapon. It is simply naive to believe that prisoners would not eventually decipher any plan officials might devise for “planned random searches,” and thus be able routinely to anticipate searches.
104 S.Ct. at 3201.
In view of the foregoing, we conclude that the trial court was correct when it denied defendant’s motion to suppress. Although the state demonstrated particular justification for the instant search, we find such justification is constitutionally unnecessary. Defendant had no legitimate expectation of privacy to items within his jail cell.
Accordingly, this assignment of error lacks merit.
AFFIRMED.

. State v. McPhate, supra, and State v. Patrick, 381 So.2d 501 (La.1980), cited in McPhate are grounded on fourth amendment analysis. Although Patrick cites the relevant state constitutional provision, it interprets the state right coextensively with the federal rights. See also State v. Dauzat, 364 So.2d 1000 (La.1978).