WILLIAMS, Judge.
Following a drug exchange between defendant, William C. Laird, his associates and an undercover police officer, defendant was arrested and charged with possession of cocaine and distribution of a counterfeit controlled dangerous substance, in violation of LSA-R.S. 40:967 and 40:966, respectively. Defendant filed a motion to suppress physical evidence which the trial court denied. Thereafter, defendant pled guilty to both charges while reserving his right to appellate review of the trial court’s denial of his motion to suppress, under State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced defendant to serve two (2) years at hard labor on each charge, with the sentences running concurrently.
The evidence adduced at the suppression hearing reveals that shortly after 2:30 p.m., on June 21, 1987, Officer Terry Rutherford received a telephone call from a confidential informant with whom he had dealt on prior occasions. The informant told Officer Rutherford a man named “Bill” was interested in swapping imported hashish for either cocaine or marijuana and was available to discuss business. The informant passed the telephone to Bill; he and Officer Rutherford then negotiated a swap of 700 grams of imported hashish for one-half (V2) ounce of cocaine. The two arranged to meet at the Pub Lounge in Boothville, Louisiana at 5:30 p.m. that afternoon.
Officer Rutherford and Deputy Bou-dreaux arrived at the appointed time and were greeted in the parking lot by a man who introduced himself as Bill. Bill voiced his concern that a gray Ford, which had circled the parking lot several times, might contain an undercover police officer, so the men went into the bar to play a couple of rounds of pool. A while later, they went across the street to a trailer, owned by Bill’s partner, in order to exchange the merchandise.
Inside the trailer, as Bill and Officer Rutherford went into the bedroom, a Mr. Riley who was one of Bill’s cohorts, left the bedroom and returned a minute later carrying a bag with six (6) cubes of vegetable matter. He gave the bag to Bill. Officer Rutherford and Bill then exchanged substances and Bill tested the substance he received, verifying that it was cocaine.
Bill and his accomplices, Mr. Riley, and the trailer’s owner, Mr. Rowell, were then arrested. With Mr. Rowell’s written per *811 mission to search the trailer, the officers found an additional one and three-quarter (1%) ounces of vegetable matter under the floorboard of the utility room.
Defendant, Michael L. Riley, and James L. Rowell, were charged in two bills of information with possession of cocaine (No. 87-1806) and distribution of counterfeit controlled dangerous substances (No. 87-2429), in violation of LSA-R.S. 40:967 and 40:966 respectively.[1] Defendant was arraigned and pled not guilty to both charges; the two charges were then consolidated. Defendant filed a motion to suppress the evidence which the trial court denied based upon the court’s finding of probable cause.
On October 1, 1987, defendant withdrew his pleas of not guility and pled guilty to both charges, reserving his right to appeal the pretrial ruling under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to two (2) years at hard labor on each charge, the sentences running concurrently-
Defendant now appeals, asserting two assignments of error:
(1) The charge of possession of cocaine is contrary to the law and the evidence; and
2) Any error patent that the court may find after reading the record.
CROSBY APPEAL
State v. Crosby, 338 So.2d 584 (La.1976) enunciated the right of a defendant to appeal certain pretrial rulings after he has entered a plea of guilty. State v. McPhate, 393 So.2d 718 (La.1981). Crosby appeals are, however, limited to the principles articulated in State v. Crosby: “the type of error which represents a violation of a constitutional or statutory right which, for reasons beyond guilt or innocence, would mandate a reversal of a conviction resulting from a trial.” State v. McPhate, 393 So.2d at 719.
At the time he pled guilty to the charges of possession of cocaine and distribution of a controlled dangerous substance, defendant reserved his right to file a Crosby appeal in reference to his motion to suppress evidence that the trial court had previously denied.[2] In this appeal, however, defendant has failed to assert any assignment of error pertaining to nonjuris-dictional issues of violations of his constitutional or statutory rights which relate to his pretrial motion or claim that the evidence to be used against defendant at trial was illegally seized. See State v. Jones, 404 So.2d 1192, 1195 (La.1981) [Crosby has been routinely followed in cases involving reservation of Fourth Amendment claims]. Thus, if prejudicial error is not patent on the face of the record, defendant’s failure to perfect an assignment of error based upon an alleged violation of his constitutional or statutory rights waived his right to obtain appellate review of his prior challenge to the legality of the search of the trailer and seizure of the evidence pursuant to the arrest and search. Uniform Rules— Courts of Appeal, Rule 2-12.4; State v. Crosby, 338 So.2d at 591.
ASSIGNMENT OF ERROR NO. 1
Defendant asserts the charge of possession of cocaine is contrary to the law and evidence because when the police and defendant exchanged illegal drugs, defendant was charged with possession of cocaine, the drug that he received through the exchange. He claims he is not the legal possessor of the cocaine because the police had no intention of allowing him to use or sell the, cocaine.
This claim is not a Crosby type claim. Nor is it an appeal of the facts of defendant’s confession of guilt to the *812 charges brought against him. By virtue of his plea of guilty, defendant confessed himself guilty of knowingly or intentionally possessing cocaine in violation of LSA-R.S. 40:967 and waived his right to appeal his guilt of that offense. See State v. Bergeron, 152 La. 38, 92 So. 726 (1922). Instead, the essence of defendant’s claim is that the law does not prohibit his actions or permit him to be punished for the offense charged. Even though this is not a Crosby appeal claim, we recognize defendant’s guilty plea did not waive his right to appeal this claim; nevertheless, we find it is without merit.
Defendant admits his physical possession of the cocaine. Indeed, defendant initiated the negotiation, completed the exchange of what was ostensibly hashish for cocaine, and tested the cocaine before he was arrested. At the conclusion of the transaction, defendant exercised dominion and control over the cocaine he knowingly possessed, in violation of LSA-R.S. 40:967. See State v. Trahan, 425 So.2d 1222 (La.1983). It is of no moment that the police did not intend to forestall his arrest until after defendant had used or sold the cocaine. The law prohibits the possession of controlled dangerous substances in the manner described above and permits punishment for the offense. Defendant’s claim is, therefore, without merit.
ASSIGNMENT OF ERROR NO. 2
A review of the trial record indicates the only error patent inured to the defendant’s benefit: his sentence was unlawfully lenient.
Under LSA-R.S. 40:966(B)(2), the minimum sentence for any person convicted of knowingly and intentionally distributing a counterfeit controlled and dangerous substance, to wit, tetrahydrocannabinols, shall be at hard labor for a term of imprisonment “not less than five (5) years nor more than thirty (30) years and pay a fine of not more than fifteen thousand dollars ($15,000.00).” Consequently, defendant’s sentence of two (2) years at hard labor for the charge of violating LSA-R.S. 40:966, with the sentence running concurrently with the sentence of two (2) years at hard labor for violating LSA-R.S. 40:967, is an unlawfully lenient penalty. However, as this court does not have the authority to change the sentence, State v. Fraser, 484 So.2d 122 (La.1986), we affirm.
For the reasons assigned, defendant’s conviction and sentence is affirmed.
AFFIRMED.

. Mr. Rowell was also charged with knowing and intentional possession, with the intent to distribute, a counterfeit controlled dangerous substance, namely tetrahydrocannabinols (hashish).

. The Louisiana Supreme Court in State v. Crosby, determined that the appellate courts may review assignments of error specifically reserved at the time of the plea of guilty, thus a non-specific Crosby plea such as defendant’s, is not strictly in compliance with State v. Crosby. See State v. Phillips, 479 So.2d 515, 516 n. 1 (La.App. 1st Cir.1985), Writ den., 484 So.2d 667 (La.1986).