755 So.2d 995 (2000)
STATE of Louisiana
v.
Henry JAMES.
No. 99-KA-0423.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2000.
*997 Henry James, Defendant/Appellant, pro se.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III.
WALTZER, Judge.
Defendant, Henry James, pled guilty to possession of stolen property and was sentenced as a multiple offender. We affirm the conviction, multiple offender adjudication, and sentence.

STATEMENT OF THE CASE
On 15 April 1998, appellant Henry James was charged by bill of information with two counts of possession of stolen property valued at one hundred dollars or more, but less than five hundred dollars, violations of LSA-R.S. 14:69(B). The matter was initially allotted to Section "H" of Criminal District Court. A motion to suppress was heard in Section "H" with attorney Hufft as defense counsel.
The appellant filed several pre-trial pro se writs in this court. Relevant to this appeal, on 29 July 1998, at 98-K-1742, this court granted a writ in part, for the sole *998 purpose of transferring for the district court's consideration, prior to trial, a motion to recuse the trial judge. That writ alleged, among other things, that the trial judge refused the appellant's motion to discharge counsel and represent himself.
The motion to recuse, heard in Section "A" on 21 and 28 August 1998, was denied. Nevertheless, on 29 September 1998, the case was transferred from Section "H" to Section "E," under rules of court, in exchange for another case.
On 1 December 1999, pursuant to a plea agreement in which the State agreed to file a multiple bill charging the appellant as only a second offender, the appellant pled guilty under State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to one year at hard labor on each count, concurrent with each other and any other sentence he was serving. The State then filed the multiple bill as to count one, to which the appellant pled guilty. The court vacated the previous sentence for count one and re-sentenced the appellant to one year at hard labor as a multiple offender. The court then reasserted that the sentences for the two counts were concurrent with each other and any other sentence the appellant was serving.

STATEMENT OF THE FACTS
On 9 February 1998, Officer George Wichser and his partner, Officer Suarez, responded to a complaint of a burglary at 6039 Pitt Street in New Orleans, the residence of Nancy Adams. Officer Wichser observed that the window next to Adams's rear door was broken, which enabled the perpetrator to open the door. Officer Wichser first secured the area, to be certain that no one was still in the house. Adams then looked around and told him that various items were missing. Officer Wichser then went outside to investigate.
In front of the house, the defendant approached Officer Wichser and advised him that he had seen two black males come out of the rear of the house and leave in a green pick-up truck. The defendant approached Officer Wichser from 6028 Pitt Street, a house across the street from Adams's house.
Shortly afterward, Officer Wichser was approached by Lt. Edward Webster. Webster worked for New Orleans Private Patrol, a private security firm which operated a patrol of the neighborhood pursuant to a contract with various neighbors-members. Webster's office had received a call from Dodge Hobson at 6028 Pitt. Hobson had requested that a security officer check out her backyard due to the burglary. In Hobson's shed, near the door lying across a chair, Lt. Webster found a blue sweatshirt bulging with coins and other items. He did not touch the sweatshirt himself, but rather told the police officers about it.
Officer Wechsler then went into the shed and observed the sweatshirt for himself. Meanwhile, Hobson, who employed the defendant, advised the officers that the sweatshirt belonged to the defendant. The defendant was then detained for investigation. After Adams identified the property found in the sweatshirt as hers, the defendant was placed under arrest.
Barbara Martin, who lived at 6022 Pitt Street, next door to Hobson, advised the officers that she had given the defendant permission to enter her rear yard to place a ladder so that he could clean the side of Hobson's house. Following a search of the defendant incident to arrest, Martin identified two rings taken from the defendant's person as hers.

ERRORS PATENT REVIEW
A review of the record for errors patent indicates that there are none.

DISCUSSION
The appellant pro se lists and briefly argues each of eleven assignments of error. However, each assignment alleges either a deficiency of counsel or an error in the denial of the motion to suppress evidence. Accordingly, the assignments are consolidated for discussion.

*999 ASSIGNMENT ONE

The appellant argues that counsel at the motion to suppress hearing was ineffective for the following:
1. Counsel failed to object to Officer Wichser's not being sworn in before he gave his testimony.
2. Counsel failed to object to all of the inconsistent statements made by Officer Wichser and Lt. Webster.
3. Counsel failed to object to the State leading the witnesses.
4. Counsel failed to make sure that the consent was freely and voluntarily given.
As noted by this court in State v. Laird, 532 So.2d 809 (La.App. 4 Cir.1988), the Louisiana Supreme Court, in State v. Crosby, 338 So.2d 584 (La.1976), determined that appellate courts may review assignments of error specifically reserved at the time of the plea of guilty. The court in Laird further noted that the defendant's non-specific Crosby plea was not specifically in compliance with State v. Crosby.
In Laird, the defendant pled guilty to possession of cocaine and distribution of a controlled dangerous substance, reserving his right to appeal the motion to suppress under State v. Crosby. The defendant claimed that the law did not prohibit his actions or permit him to be punished for the offense charged. He reasoned that, because he exchanged illegal drugs with the police for cocaine, and the police had no intention of allowing him to use or sell the cocaine, he was not the legal possessor of the cocaine. This court noted that this was neither a Crosby type claim, nor was it an appeal of the facts of defendant's guilt. The court held that the facts of the case were deemed waived by the guilty plea. However, the court found that appellate review relative to the law as it pertained to the facts and the defendant's claim was appropriate. Nevertheless, the court found that the defendant was the legal possessor under the facts of the case and affirmed the conviction.
Like the defendant in State v. Laird, the appellant specifically reserved only his right to appeal the denial of the motion to suppress evidence. Nevertheless, under Laird, the court may review the appellant's claim of ineffective assistance of counsel at the motion to suppress hearing if the record is sufficient.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir. 1986).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient, and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant *1000 must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
In the instant case, the record is sufficient to review the appellant's claims on appeal. The first error of counsel alleged by the appellant is the failure to object when Officer Wichser was not sworn prior to his testimony. The record reflects that Lt. Webster was duly sworn. It is silent as to Officer Wichser. This court cannot determine if the court reporter merely failed to note that Officer Wichser was properly sworn, or if he was called to testify without being sworn. However, Officer Wichser's testimony is consistent with the police report in all material facts. Accordingly, even had he not been properly sworn, the appellant was not prejudiced by this omission.
The appellant next claims that counsel should have objected to the inconsistencies in the testimony of Officer Wichser and Lt. Webster. First, the inconsistencies were not material. Second, there is no basis to object to inconsistencies. Rather, they may be called to the attention of a trier-of-fact during argument to show that one or both witnesses was incorrect. In this case, the judge was the trier-of-fact for purposes of a relatively brief motion to suppress hearing and could weigh any inconsistencies without the assistance of specific argument from counsel. Counsel was not deficient for his failure to object to the inconsistencies in the testimony.
Third, the appellant claims that counsel should have objected to the State's leading the witnesses. He further claims that the State witnesses were "coached" by the prosecutor. A prosecutor may review the facts of the case with State witnesses. This is not illegal coaching. The prosecutor additionally assisted officers with addresses and other items which the prosecutor apparently knew from the police incident report. Because Officer Wichser could have refreshed his memory with the police report that he wrote, it was more efficient, for the purposes of the motion to suppress, for the prosecutor to lead the witness in these questions. This did not prejudice the appellant.
Fourth, the appellant complains that counsel did not make sure that the State met its burden of proof that the consent was freely and voluntarily given. Defense counsel has no obligation to make sure the State meets its burden of proof. Rather, defense counsel is obligated to point out to the trier-of-fact those instances in which the State fails to meet its burden. In this case, defense counsel attempted to show that the officers failed to obtain consent from the property owner to search the yard, and then from the appellant to search his sweatshirt. The court found these arguments unpersuasive and, in part, irrelevant; but not because counsel's performance was deficient.
The claims raised by the appellant are insufficient to sustain a claim of ineffective assistance of counsel.

ASSIGNMENT TWO
The appellant's remaining claims concern the denial of the motion to suppress evidence. They are:
1. The officers did not have probable cause to ask Hobson for permission to search her yard.
2. The officers erred when they used Hobson's consent to explore through appellant's possessions.
3. The officers erred when they failed to ask appellant for his consent to search the sweatshirt once Hobson identified the sweatshirt as the one appellant wore to work that morning.
4. The trial judge erred when he asked how Lt. Webster's permission to search somebody else's house was relevant.

*1001 5. The trial judge erred when he found probable cause based on inconsistent statements.
6. The trial judge erred when he ruled that the property was recovered pursuant to a search incident to a valid arrest.
7. The State failed to meet its burden of proof that the consent to search was freely and validly given.
The right of every person to be secure in his person, house, papers, and effects, against unreasonable searches and seizures is guaranteed by the United States and Louisiana Constitutions. U.S. Const. amend. IV; La. Const. art. I, § 5. The appellant claims this right was violated as to property found on his person and in his sweatshirt in the shed of his employer.
As discussed in the statement of facts, property from the Adams' home was found in the appellant's sweatshirt in the shed behind the Hobson's home. Two rings belonging to another neighbor, Martin, were found on the appellant's person subsequent to his arrest.
The appellant first claims that the officers did not have probable cause to ask Hobson for permission to search her yard. According to the testimony of Lt. Webster, Hobson requested that security personnel search her yard. Where there is consent to search, officers do not need to prove probable cause.
The appellant further claims that the officers erred when they used Hobson's consent to explore through his possessions. He claims that the officers should have asked for his consent to search the sweatshirt once Hobson identified it as the one he wore to work that morning. The appellant compares the sweatshirt to other enclosed spaces within an area belonging to another.
From the facts as related in the motion to suppress hearing, it appears that Lt. Webster observed that the sweatshirt was bulging with coins and other items, then brought it to the attention of Officer Wichser. The officers thus discovered the stolen property before Hobson identified the sweatshirt as belonging to the defendant.
Assuming the officers did know that the sweatshirt belonged to the defendant before they looked into it, Lt. Webster testified that it was bulging with the stolen items when he first spotted it. The appellant notes that this testimony differs from the testimony of Officer Wichser, who stated that the objects were wrapped up in the middle of the sweatshirt. Assuming the trial court accepted Lt. Webster's testimony, stolen items were in plain view, and their seizure was not a violation of the defendant's right of privacy. On the other hand, if the trial court believed that the stolen items were not visible to the officers when they first observed the sweatshirt, one must determine if the appellant had any privacy right in the sweatshirt.
The appellant avers that the Supreme Court addressed "a nearly identical factual situation in Chapman v. U.S., 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961)." In Chapman, the Court held that evidence should have been suppressed when a landlord notified the police that he smelled mash coming from a tenant's apartment. The landlord then gave officers consent to search the tenant's apartment. The appellant further compares the sweatshirt to a suitcase in a consenter's apartment, cabinets in a consenter's home, an employee's desk in a consenter's office suite and an overnight bag in a consenter's apartment closet. He cites cases from various jurisdictions which held that the evidence discovered in these enclosed areas without a warrant should be suppressed.
A folded sweatshirt is not an enclosed area comparable to a rented apartment, a suitcase, a desk drawer, or a closed cabinet. Even if the stolen objects were not visible, if the officers had Hobson's consent to search the shed, they could have opened a folded sweatshirt found lying across a chair.
*1002 The appellant's claim relative to the trial judge's comment on the relevance of the property owner's consent is irrelevant to the merits of the motion to suppress. Lt. Webster testified that his agency had blanket permission, pursuant to the private patrol agreement, to inspect the yards of members as necessary. He further testified that Hobson particularly requested that the security officer on duty inspect her yard that day.
The appellant's claim that the court erred in finding probable cause based on inconsistent statements is likewise without merit. In State v. Simms, 571 So.2d 145, 148-149 (La.1990), the court made a full and comprehensive statement of the elements and qualities of probable cause, as follows:
Probable cause to arrest exists when the facts and circumstances within the officer's knowledge are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Wilson, 467 So.2d 503 (La.1985). The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction. Probable cause, as the very name implies, deals with probabilities. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the available evidence supports a reasonable belief that the person to be arrested has committed a crime. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); State v. Rodrigue, 437 So.2d 830 (La.1983). The determination of probable cause involves factual and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Ogden and Geraghty, 391 So.2d 434 (La.1980).
After the officers found items in the sweatshirt, Adams identified the items as hers, and Hobson informed the officers that the appellant wore the subject sweatshirt to work that day, the officers had probable cause to arrest the appellant.
The appellant's claim that the court erred in ruling that evidence was recovered pursuant to a search incident to a valid arrest is likewise without merit. A search of the defendant is legal if there is probable cause for his arrest. State v. Parker, 622 So.2d 791 (La.App.4 Cir.1993), writ denied, 627 So.2d 660 (La.1993),
The rings found on the appellant's person were validly seized in a search incident to arrest. The appellant noted that the officer could not recall where on the appellant's person the rings were found. The officer's testimony that the rings were found on the appellant's person is sufficient for the court to find that they were seized pursuant to a valid arrest.
Lastly, the appellant claims that the State failed to meet its burden that Hobson's consent to search was freely given. Both State witnesses testified that Hobson not only consented, but requested that the officers search her yard. Hearsay is permitted at a motion to suppress hearing. This assignment is without merit.

CONCLUSION
We affirm the conviction and sentence.
AFFIRMED.