410 So.2d 232 (1982)
STATE of Louisiana
v.
Bryan Jerome SHANK.
No. 82-K-0308.
Supreme Court of Louisiana.
February 8, 1982.
*233 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Jr., Dist. Atty., for plaintiff-relator.
Richard P. Ieyoub, Skipper M. Drost, Lake Charles, for defendant-respondent.
PER CURIAM.
Writ granted. The trial court ruling that defendant may proceed to defend himself in this capital murder case is reversed. A defendant has a federal constitutional right of self-representation and may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In the present case, however, unlike Faretta, the defendant has no complaint about the competence, diligence or workload of his two court appointed attorneys. Instead, his motivation for electing to represent himself is that he wishes to be found guilty of first degree murder and sentenced to death. In effect, he requests that he be allowed to defend himself because he fears that the lawyers appointed to represent him will be effective advocates and obtain an acquittal or a sentence of less than death. Furthermore, the record reflects that the defendant is 19 years old, has completed eight grades of school, and has a history of mental illness, although he has been found mentally capable of standing trial. Under these circumstances we conclude that the trial court erred in granting the defendant's request.
When an accused manages his own defense, he relinquishes many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forego those relinquished benefits. Faretta v. California, supra; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" Faretta v. California, supra, 422 U.S. at 835, 95 S.Ct. at 2541; Adams v. United States ex rel McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). The record in this case does not affirmatively show that the defendant was sufficiently advised and made aware of the dangers and disadvantages of self-representation. Moreover, a defendant's election to represent himself for the purpose of acquiescing in his conviction of a capital offense and in his death sentence cannot be sanctioned as an intelligent choice.
REVERSED AND REMANDED.