425 So.2d 980 (1983)
STATE of Louisiana
v.
Richard P. BARRIOS.
No. 82-KA-80.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
*981 John M. Mamoulides, Dist. Atty., Henry Sullivan, William C. Credo, III, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Joseph L. Montgomery, Staff Appeals Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before CHEHARDY, CURRAULT and GAUDIN, JJ.
CHEHARDY, Judge.
The defendant, Richard P. Barrios, was tried on June 22, 1982, in the Second Parish Court of Jefferson Parish, Louisiana. The defendant was found guilty of two counts of resisting arrest, LSA-R.S. 14:108, and one count of aggravated assault, LSA-R.S. 14:37. He was sentenced to six months in the Parish Prison for each of these counts and these sentences were to be served consecutively.
It is from this conviction that the defendant appeals. Three assignments of error have been presented for review.

FACTS
On February 14, 1982, the defendant, Richard Barrios, was involved in a disturbance at his residence, 443 Second Street, Harvey, Louisiana, and also at the home of his neighbor, Donna Gilly. Barrios had ripped the door off the front of his mother's house and was involved in a loud disturbance on the sidewalk with his mother. He then went to Ms. Gilly's residence and, shouting vulgarities at his neighbors, picked up a 4-foot wooden board and began beating on a truck which belonged to Ms. Gilly's fiancé. Barrios thereupon threatened Ms. Gilly with the board, proceeded to break the glass out of her front door, and started beating on the side of the house. Ms. Gilly alleged that sometime during this disturbance, Barrios had fired a gun; however, no weapon was ever recovered.
The defendant's mother called the police, as did the neighbor. Upon arrival the uniformed officers sighted Barrios in an alleyway between the two houses and called for him to come out. The defendant fled the area. The defendant's mother advised the officers that her son did not have a gun, but his uncle advised the officers that a .22 caliber gun was missing from the house and that Barrios probably had it. The officers attempted to find him, to no avail. The complainants were advised to call the police back to the scene if Barrios returned.
A short while later the defendant's mother called the police back to her house and the officers observed Barrios down at the corner. A chase ensued and the defendant was cornered in the rear yard of the residence next to his own. One of the policemen saw Barrios attempting to climb into an old boat in the yard, and the officer ordered him out. The officer also called to his partner to let him know where he and the defendant were. Barrios was ordered to show his hands, so they could see whether he was armed, but he refused. The officers approached Barrios and attempted to handcuff him. He resisted and began struggling and kicking at the officers. When the officers managed to get the defendant to the police vehicle, he started *982 another struggle. The defendant was finally secured in the rear of the police vehicle and was read his Miranda rights.

ASSIGNMENT OF ERROR NUMBER 1
The defendant alleges, first, the trial judge committed reversible error and abused his discretion in denying defense counsel's motion for a continuance on the morning of the trial. The counsel for the defense argues that he had insufficient time to prepare for trial because he had only been notified on June 21, 1982 at about 4 p.m. that he was to represent the defendant at trial to be held the following morning at 9 a.m. He made contact with the defendant at about 11 o'clock that night, and the attorney and his client agreed to discuss the case the next morning prior to appearing in court. They determined at that time that defense witnesses would have to be called, but by that time, it would be too late for trial on June 22, 1982. The attempts to plea bargain proved unsuccessful and the defense's oral motion for a continuance on the morning of the trial was denied.
Article 707 of the Louisiana Code of Criminal Procedure states that a motion for continuance must be in writing and must contain specific grounds as its basis. Any continuance is, however, discretionary with the presiding judge; absent a showing of prejudice, his ruling will not be disturbed.
The court in State v. Durio, 371 So.2d 1158, 1161 (La.1979), held that
"* * * The general rule is that the denial of a continuance is not ground for reversal absent an abuse of discretion. * * *"
The defense in the Durio case argued that they had only 12 days to better prepare a defense involving difficult medical questions as to actual cause of death of the victim. The court said that specific prejudice must be shown to overrule a denial of a motion for a continuance; however,
"Only where preparation time was so minimal as to call into question the basic fairness of the proceeding has the Court excused the failure to allege specific prejudice. * * *" 371 So.2d 1158, 1161.
The court found that due to overwhelming evidence presented by the State, Durio's counsel was unable to show prejudice of even a general nature. See also, State v. Dupre, 408 So.2d 1229 (La.1982).
The defense in the instant case has failed to show who would be called as a witness and how this testimony could be probative as to the ultimate finding of the court. There is no showing of an abuse of discretion.
Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the defendant avers the trial court committed reversible error in allowing the State's chief witness, Deputy Barry Guidry, to refer to other crimes allegedly committed by the defendant. This assignment of error was not included in the defense counsel's brief and is therefore considered to be abandoned. See State v. Gardette, 352 So.2d 212 (La.1977).

ASSIGNMENT OF ERROR NUMBER 3
Finally, the defendant claims that the trial judge committed reversible error in not properly delineating his reasons in imposing sentence, and that the sentences nonetheless were excessive.
Counsel for the defense argues that the trial court failed to comply even minimally with the dictates of LSA-C.Cr.P. art. 894.1. That article sets forth sentencing guidelines to be used for all felony and/or misdemeanor cases and the judge's considerations must be included in the record. Paragraphs A and C of that article are particularly relevant here:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;

*983 (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
* * * * * *
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
Paragraph B of Article 894.1 sets forth 11 grounds to be accorded weight in determining suspension of sentence or probation.
The defense cites State v. Daranda, 398 So.2d 1053 (La.1981), which states that the trial judge's reasons for the sentence imposed are the proper bases for review of a sentence alleged to be excessive.
In the record before us, the only reasons articulated by the trial judge regarding the sentences imposed on Barrios were the following comments: "I'm making sure you have some kind of respect for the rights of others. * * * For the next eighteen months he's not going to be bothering anybody."
While we understand the intent of the trial judge in making these statements, we are forced to conclude these remarks are not sufficient to comply with the mandate of C.Cr.P. art. 894.1(C). The requirement for articulation of factors considered in imposing sentence facilitates review by the appellate court to assure that sentences imposed are not arbitrary or based on impermissible factors. State v. Douglas, 389 So.2d 1263 (La.1980).
When the trial judge fails to state for the record the considerations taken into account and the factual bases therefor in imposing sentence, the Supreme Court normally will set aside the sentence and remand the case for resentencing in accordance with the mandatory requirements of law. State v. Jacobs, 371 So.2d 727, on rehearing, 371 So.2d 732 (La.1979).
However, lack of compliance with the sentencing guidelines of C.Cr.P. art. 894.1 does not necessarily require that the sentences be set aside, if the record otherwise clearly illumines the trial court's sentencing choice and demonstrates that the sentence is not arbitrary or excessive. State v. Jett, 419 So.2d 844 (La.1982). See also, State v. Lanclos, 419 So.2d 475 (La.1982); State v. Boatright, 406 So.2d 163 (La.1981); State v. Martin, 400 So.2d 1063, on rehearing, 400 So.2d 1074 (La.1981).
The record shows that Barrios went on a violent rampage without apparent legal provocation. He told the arresting officer he had broken out a window at the corner bar earlier that night. He testified he had been drinking for "a couple of days" and, when he went home, his mother refused to let him in the house because she was afraid he would hurt somebody. He said he grabbed the screen door and it "come off the wall." His neighbor's fiancé came out of the house next door, cursing, and Barrios jumped the fence, intending to strike him. Barrios testified the fiancé went inside and came back out with a gun in a case, at which point Barrios picked up the board and began taunting him. Barrios, admittedly trying to antagonize the fiancé, began hitting the fence, the house and the fiancé's truck with his board. Barrios acknowledged he was too drunk to remember everything that happened.
Ms. Gilly testified that when she opened the front door to peek out, Barrios picked up the board, swinging it at the truck, and he began jumping up and down off the back near the tailgate, kicking the tailgate. As she watched, Barrios started throwing pieces of wood at her house and beating on the gate. Then he started running toward her house with the board in the air and, just as she slammed the door shut, he hit the front door, breaking the glass and splitting the door frame. Gilly testified Barrios then went up and down the side of the house hitting it with his board. She said she thought he would have hit her with the board if she had not shut the door. She also denied that her fiancé had a gun. Finally, she stated that Barrios at one point pulled down his pants and exposed himself to her.
*984 The record also establishes Barrios was well aware he was being pursued by law officers, but deliberately and persistently attempted to evade them. Further, when caught, he resisted arrest violently.
Finally, we note that at the conclusion of the trial, but prior to pronouncement of his verdict or sentencing, the trial judge questioned Barrios about prior convictions. Barrios responded, "They gave me three months for the same charges and they gave me probation for the simple burglary."
Based on these considerations, we believe the record establishes adequate factual bases for the imposition of the maximum six-month sentence on each of the three misdemeanor charges.
These sentences, however, are consecutive rather than concurrent, making a total of 18 months jail time for the defendant. Accordingly, we also must examine this aspect to determine if the sentences are excessive.
LSA-C.Cr.P. art. 883 provides in pertinent part:
"If the defendant is convicted of two or more offenses based on the same act or transaction, * * * the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. * * *"
In State v. Underwood, 353 So.2d 1013, 1019 (La.1977), our Supreme Court stated that "concurrent rather than consecutive sentences are the usual rule, at least for a defendant without previous criminal record and in the absence of a showing that the public safety requires a longer sentence." On the other hand, even if the convictions arise out of a single course of illegal conduct, consecutive sentences will not necessarily be found to be excessive; rather, other factors must be considered. State v. Ortego, 382 So.2d 921 (La.1980).
The trial judge is given a wide discretion in imposition of sentences within statutory limits, and the sentences imposed by the trial judge should not be set aside as excessive in the absence of manifest abuse of discretion. State v. McDonald, 404 So.2d 889 (La.1981); State v. Molinario, 400 So.2d 596 (La.1981). Consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public. State v. Carter, 412 So.2d 540 (La.1982). See also State v. Jett, supra.
In this case, the defendant is not a first offender. Further, his violent behavior, directed against others, must be considered a risk to public safety. In this light, the imposition of three 6-month consecutive sentences is not necessarily excessive. However, because the judge did not adequately record the bases for his decision not only to impose the maximum jail term for each of the three counts but also to have these terms run consecutively, it is difficult to determine if the sentence is excessive. See State v. Ortego, supra.
While we do not find the sentences excessive on the face of the record, we believe a remand is dictated for the trial court's resentencing and articulation of reasons therefor under Article 894.1.

DECREE
Accordingly, defendant's convictions are affirmed, but the sentences imposed are vacated and set aside and the case is remanded to the Second Parish Court with instructions to the trial judge to resentence defendant in accordance with C.Cr.P. art. 894.1.
CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.