FORET, Judge.
Defendant, Donald J. O’Meara, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. By unanimous verdict, a twelve-person jury found him guilty as charged. He was sentenced to serve 99 years at hard labor without benefit of probation, parole, or sus *1060 pension of sentence. Defendant appealed his conviction and sentence, urging two assignments of error.
FACTS
On June 11, 1984, Fred Romero and his grandson were robbed at Romero’s residence by the defendant. Defendant fled the scene of the crime in the victim’s truck and abandoned the truck at the Derrick Lounge. He was subsequently apprehended and jailed inthe Iberia Parish Jail.
Defendant O’Meara was provided with court-appointed counsel. Keith Comeaux is a member of the Indigent Defender Board of Iberia Parish and was appointed to represent defendant. Defendant filed a motion to have court-appointed counsel dismissed and to appear pro se on November 21, 1984. At the time of this motion he requested access to legal materials so that he might prepare his defense. Defendant’s motion requesting dismissal of counsel was not heard until December 12, 1984. The trial judge, after an exhaustive inquiry into whether or not defendant was knowingly and intelligently waiving his constitutional right to counsel, granted defendant’s motion. Forty-three pages (48 through 91) of the transcript reveal that the court was extremely careful in ascertaining that the defendant was cognizant of the rights he was waiving.
After being advised by the trial judge that trial was fixed for December 17, 1984, and that defendant would have only five days in which to prepare his defense, defendant persisted in refusing assistance of court-appointed counsel. The record reflects that defendant was made aware of the obstacles he would be facing in representing himself.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant alleges that the court erred in denying his motion for a continuance. Defendant’s motion related only to his need for adequate time in which to prepare his defense.[1]
Defendant was provided with competent court-appointed counsel who stated for the record, at the hearing on defendant’s motion to have court-appointed counsel dismissed, that he was prepared to go to trial, which date was fixed for December 17, 1984. On December 12, 1984, the date the motion to dismiss court-appointed counsel was heard, defendant was advised by the trial judge that, in his opinion, it would be a mistake to attempt to represent himself with only five days remaining before trial in which to prepare. Defendant persisted in his demand to represent himself and that he be provided with access to legal materials. Although he acknowledged that his attorney appeared to be prepared and that he did not feel he would be sufficiently prepared for trial in five days, defendant nonetheless insisted on representing himself. The morning of the first day of trial, December 17, 1984, defendant moved for a continuance, which was denied.
A criminal defendant has a constitutional right to represent himself when he voluntarily and intelligently elects to do so. State v. Shank, 410 So.2d 232 (La.1982), appeal after remand, 448 So.2d 654 (La.1984); State v. Carpenter, 390 So.2d 1296 (La.1980). In choosing self-representation, a defendant relinquishes many of the benefits which are associated with right to counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
Louisiana Code of Criminal Procedure Art. 712 provides that, if timely filed, a continuance may be granted in the discretion of the trial court if there is a good ground therefor. Generally, the denial of a continuance is not ground for the reversal of a conviction absent an abuse of that discretion. State v. Durio, 371 So.2d 1158 (La.1979), and cases cited therein; State v. *1061 Gaskin, 412 So.2d 1007 (La.1982); State v. Clark, 437 So.2d 879 (La.App. 2 Cir.1983), writ denied, 442 So.2d 460 (La.1983); State v. Johnson, 440 So.2d 197 (La.App. 3 Cir. 1983), writ denied, 444 So.2d 1240 (La.1984); State v. Gintz, 438 So.2d 1230 (La.App. 3 Cir.1983).
A reversal of conviction is not warranted when there is an absence of a showing of specific prejudice caused by the denial of a motion for continuance. State v. Durio, supra; State v. Gaskin, supra, and cases cited therein.
Where preparation time is so minimal so as to call into question the basic fairness of the proceedings, Louisiana courts have excused the failure to allege specific prejudice. State v. Durio, supra; State v. Seiss, 428 So.2d 444 (La.1983). In the present case, we do not agree that the trial judge abused his discretion or that the defendant was so prejudiced by the denial as to require a reversal of his conviction. Defendant had been provided with effective court-appointed counsel, which counsel had been diligent, and who was prepared to go to trial on December 17, 1984. In spite of the trial court’s efforts to dissuade defendant from defending himself, defendant chose to disregard good advice and represent himself with only five days to prepare for trial. Based on the circumstances of this particular case, we believe the trial court’s refusal to grant a continuance was justified. State v. Parsley, 369 So.2d 1292 (La.1979); State v. Gaskin, supra; State v. Clark, supra. For the above mentioned reasons, this assignment has no merit.
ASSIGNMENT OF ERROR NO. 2
Defendant urges that the trial court erred in sentencing him to 99 years at hard labor without the benefit of parole, probation, or suspension of sentence because said sentence is an excessive sentence and constitutes cruel and unusual punishment within the meaning of Art. 1, § 20 of the Louisiana Constitution of 1974, and the Eighth Amendment of the U.S. Constitution.
The maximum penalty which may be imposed for a violation of LSA-R.S. 14:64 is 99 years at hard labor, without the benefit of parole, probation, or suspension of sentence. Defendant was sentenced to 99 years at hard labor without benefit of probation, parole, or suspension of sentence.
“This Court has previously held that the possible ninety-nine year sentence of imprisonment for armed robbery is not cruel, excessive or unusual.” State v. Johnson, 406 So.2d 569, 573 (La.1981), and cases cited therein.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court held that a sentence, although within the statutory limit, could be reviewed for excessiveness. A sentence is considered excessive if it is grossly out of proportion to the severity of the crime, or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Donahue, 408 So.2d 1262 (La.1982); State v. Johnson, supra, and cases cited therein.
During the sentencing hearing, the sentencing judge specifically noted for the record that he had considered the sentencing guidelines provided by C.Cr.P. Art. 894.1. The sentencing judge found specifically that there was an undue risk that during any period of probation or suspension of sentence the defendant would commit another crime, that the defendant was in need of correctional treatment that could best be provided by incarceration, and that this was additionally necessary for the safety of the public in general. Furthermore, the court found that any lesser sentence would tend to deprecate the seriousness of defendant’s crime. The defendant’s past criminal history was furnished to the trial court, and it indicates that the defendant has an awesome history of prior criminal activity. The trial court indicated that the defendant had four prior convictions for armed robbery, one conviction for kidnapping, and a pending federal charge of escape from the institution in which he was serving the last sentence for kidnapping. The court stated that in its opinion the defendant would be unlikely to benefit *1062 or respond affirmatively to any sort of probationary treatment. The court found that defendant was a confirmed criminal and beyond rehabilitation.
We believe that the sentence imposed in this case is commensurate with the severity of O’Meara’s offense. . The length of imprisonment has been imposed to prevent the defendant from having the opportunity to commit similar crimes in the future. This sentence is not cruel, excessive, or unusual; nor is it the purposeless or needless imposition of pain and suffering — it is tailor-made for the offender and the crime.
After carefully reviewing the record and considering defendant’s prior criminal record, the seriousness of the offense involved, and the fact that he has previously escaped so that he would avoid punishment for other offenses, the sentence imposed does not appear grossly out of proportion to the offense committed. It does not appear to this reviewing court that the trial judge abused his discretion in sentencing this defendant.
For the foregoing reasons, this assignment lacks merit, and the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant was provided with most of the legal materials he previously requested. A receipt signed by defendant appears in the record.