DOMENGEAUX, Judge.
Henry Hinton, Jr. was charged by bill of information with illegal possession of stolen things as proscribed by La.R.S. 14:69. Pursuant to a plea agreement, the defendant pled guilty on May 29, 1985, as charged. On the morning of his sentencing, August 19, 1985, the defendant informed the court and his defense counsel that he wished to withdraw his plea. The defendant alleged that his plea constituted double jeopardy in that he was then serving a sentence for a guilty plea on a burglary charge in Caddo Parish, Louisiana, which arose out of the same factual circumstances which formed the basis for the instant plea of guilty. A motion was made by defendant’s counsel to continue sentencing so that a motion in arrest of judgment could be filed, heard, and disposed of prior to sentencing. The trial court refused to allow the defendant to withdraw his plea and refused to grant a continuance under the circumstances. The defendant was sentenced to serve seven years at hard labor, which sentence, in accordance with the plea agreement was ordered to run concurrently with any and all other sentences previously imposed.
The defendant appeals his conviction. He alleges that his plea and conviction in this matter constitutes double jeopardy as a result of his former plea in another parish which arose from the same factual circumstances at issue in this case.
This case aptly demonstrates the folly of a system of justice which under certain circumstances forces a criminal defense attorney to file appeals which have no merit. The totality of the circumstances at hand convinces us that the defendant was properly convicted of a violation of La.R.S. 14:69. Most probably to avoid any possibility of facing malpractice charges, the defendant’s attorney filed this appeal and then declined to file a brief. After several letters from the Clerk of the Third Circuit Court of Appeal, and facing contempt charges for failure to file a brief in this matter, defense counsel belatedly submitted a brief which discloses no legal ba *454 sis for the appeal. His brief suggests as much.
We recognize that defendant’s counsel was caught between the Scylla and Charybdis of filing a frivolous appeal or exposing himself to a potential malpractice claim, and so take this opportunity to expound upon the absurdity of that position. However, we are forced to comment on the merits of the appeal.
The record in this matter is devoid of any evidence which would give at least a factual basis to the defendant’s claim. It cannot be argued that the trial court committed error in denying appellant’s motion for a continuance and/or motion to withdraw his guilty plea. The granting of either motion is clearly within the trial court’s discretion, particularly when raised by oral motion on the day of sentencing. La.C.Cr.P. Arts. 559 and 707; State v. Boatright, 406 So.2d 163 (La.1981); State v. Barrios, 425 So.2d 980 (La.App. 5th Cir.1983).
Had the trial court granted the oral motion to continue appellant’s sentencing and heard evidence at a hearing on a motion in arrest of judgment, this Court would have been in a position to determine whether or not the assignment of error was meritorious. In the absence of any evidence concerning appellant’s prior pleas of guilty, this Court is unable to determine whether or not the instant plea constitutes double jeopardy.
For the above and foregoing reasons the conviction and sentence of the defendant, Henry Hinton, Jr., are affirmed.
AFFIRMED.
YELYERTON, J., concurs.